UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

INSTINET INCORPORATED, INSTINET
HOLDINGS INCORPORATED, INSTINET
GROUP, LLC and INSTINET, LLC,

                Plaintiffs,                08 Civ 7141

   - against -

ARIEL (UK) LIMITED,

                Defendant.

---------------------------------x

## DEFENDANT'S ANSWER AND JURY DEMAND

Defendant Ariel (UK) Limited for its answer to the complaint and adopting without further explanation the terms defined therein:

    1.    Admits the averments of paragraph 1 thereof.

    2.    Denies so much of the averments of paragraph 2 thereof as states that Instinet Inc. existed at all relevant times and otherwise admits the averments of paragraph 2 thereof.

    3.    Denies so much of the averments of paragraph 3 thereof as states that IHI existed at all relevant times and otherwise admits the averments of paragraph 3 thereof.

    4.    Denies so much of the averments of paragraph 4 thereof as states that IG existed at all relevant times and otherwise admits the averments of paragraph 4 thereof.

5. Denies so much of the averments of paragraph 5 thereof as states that Instinet, LLC, existed at all relevant times and otherwise admits the averments of paragraph 5 thereof.

6. Admits the averments of paragraphs 6 through 12 thereof.

7. Denies so much of the averments of paragraph 13 thereof as states that the 1972 Agreement had a term of 14 years and otherwise admits the averments of this paragraph.

8. Denies so much of the averments of paragraph 14 thereof as states that the 1972 Agreement had a term of 14 years and otherwise admits the averments of this paragraph.

9. Denies so much of the averments of paragraph 15 thereof as states that INC developed the Instinet II System and otherwise admits the averments of this paragraph.

10. Denies so much of the averments of paragraph 16 thereof as characterizes the 1975 Cable Agreement as a "term sheet" and otherwise admits the averments of this paragraph.

11. Denies the averments of paragraph 17 thereof except states that on or about April 6, 1976 INC and Ariel executed the 1975 Agreement and that Exhibit C to the complaint is a true and correct copy of that document.

12. Admits the averments of paragraphs 18 through 25.

13. Admits so many of the averments of paragraph 26 thereof as state that there exists an actual and justiciable controversy, within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.*, between Instinet and Ariel; denies that judgment should be entered as stated in paragraph 26; and states that judgment should be entered granting Ariel the relief demanded in the Demand Letter (Exhibit D to the Complaint).

WHEREFORE Ariel demands judgment as follows:

(a) Declaring the rights of the parties, as prayed for in paragraph 13; and

(b) Awarding Ariel its costs of this action together with such other, further or different relief as to the Court may seem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Defendant hereby demands a trial by jury of all issues so triable.

Dated: New York, New York
August 27, 2008

BAINTON McCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)
*Attorneys for Defendant*
26 Broadway
New York, NY 10004-1840
Telephone: (212) 480-3500
Facsimile: (212) 480-9557

3