**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------X
INSTINET INCORPORATED, INSTINET          :
HOLDINGS INCORPORATED, INSTINET GROUP,   :
LLC, and INSTINET, LLC,                   :
                                          :
                     Plaintiffs,          :          **Memorandum**
                                          :          **Opinion & Order**
          -against-                       :
                                          :          08-cv-7141 (JFK)
                                          :
ARIEL (UK) LIMITED,                       :
                                          :
                     Defendant.           :
---------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

On August 11, 2008, the Instinet entities (collectively "Plaintiff" or "Instinet") commenced the instant action seeking a declaratory judgment to the effect that Defendant Ariel (UK) Limited ("Ariel") has no intellectual property rights in Instinet's computerized securities trading software. In an Opinion and Order dated March 5, 2010 ("the March 5 Order"), the Court granted Instinet's motion for summary judgment on two of its four claims for relief. Ariel now moves for reconsideration of the March 5 Order under Rule 60 of the Federal Rules of Civil Procedure and Local Rule 6.3 of the Southern District of New York.

Rule 60 contains two provisions under which a party may move for relief from a judgment or order. Fed. R. Civ. P. 60(a). Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is

found in a judgment, order or other part of the record." Rule 60(b) provides several reasons for which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Neither of these grounds for relief is applicable under the present circumstances.

A motion under Rule 60(a) is available only to correct a judgment "for the purpose of reflecting accurately a decision that the court actually made." Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (quoting Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995)). Ariel's motion does not direct the Court to any clerical error, oversight, or omission in the March 5 Order but rather argues that the Court erred in its holding. Thus, the motion falls outside the purview of Rule 60(a).

In addition, by its terms, Rule 60(b) only affords relief from final judgments. Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."); see Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir. 1996). A judgment is "final" for purposes of Rule 60(b) if it "is sufficiently 'final' to be appealed" such that "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Alvarez v. Am. Airlines, Inc., No. 98 Civ. 1027, 2000 WL 145746, at *1 (S.D.N.Y. Feb. 8,

2000) (quotations omitted).  The March 5 Order granted summary judgment on only two of Plaintiff's four claims for relief, and as such it cannot be considered a final judgment.  Therefore, Ariel's motion is also outside the scope of Rule 60(b).

Ariel's request for reconsideration is procedurally proper, though, under Local Rule 6.3, which allows a party to move for reconsideration of a court order in view of "matters or controlling decisions which counsel believes the court has overlooked."  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The goal of Local Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (citations omitted); see In re Refco Capital Markets, Ltd. Brokerage Customer Secs. Litig., No. 06 Civ. 643, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (a motion for reconsideration "is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior

briefing of the issue"). Therefore, "[u]nder Local Rule 6.3, a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). Neither is a motion for reconsideration under Rule 6.3 an invitation to reargue "those issues already considered when [it] does not like the way the original motion was resolved." Sulton v. Lahood, No. 08 Civ. 2435, 2010 WL 1375188, at *1 (S.D.N.Y. Mar. 31, 2010) (quoting In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

Ariel has not satisfied the strict standard for reconsideration under Local Rule 6.3. Ariel has not cited any controlling law or facts that were not considered previously by the Court. In its motion, Ariel essentially repeats the same arguments it made in opposition to Instinet's motion for summary judgment. The Court found these arguments unpersuasive in the first instance, continues to find them unpersuasive, and sees no reason to upset the March 5 Order. Accordingly, Ariel's motion is denied.

The parties are directed to appear for a conference on September 8, 2010, at 11:30 a.m. to discuss the status of the case and Instinet's unresolved claims for relief.

SO ORDERED.

Dated: New York, New York
July 6, 2010

JOHN F. KEENAN
United States District Judge

- 5 -